# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In the Matter of: | In Bankruptcy: |
| **MARCIA A MARTIN** | Case No. 18-47894-mbm |
| | Chapter 7 |
| Debtor | Hon. Marci B. McIvor |

**TIMOTHY J. MILLER, TRUSTEE**

    Plaintiff,

                                Adv. Pro. No.
                                Hon.

vs.

**MICHAEL MARTIN,**

    Defendant.

_____

## **COMPLAINT**

Timothy J. Miller, Trustee and Plaintiff, by his attorneys Schneider Miller, P.C., states for his complaint as follows:

### **Parties and Jurisdiction**

1. Marcia Martin ("Debtor") filed a voluntary Chapter 7 petition on May 31, 2018.

2. Trustee Timothy J. Miller ("Plaintiff") was duly appointed as the

Chapter 7 trustee in this matter on July 11, 2018.

3. Michael Martin ("Defendant"), is a Michigan resident who lives at 420 Pickard Rd., Temperance, MI 48182.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1334(b) and *in personam* jurisdiction over the Defendant pursuant to Bankruptcy Rule 7004.

5. This is a core proceeding under 28 U.S.C. §157(b)(2)(F).

### Facts

6. The Debtor's Schedule F provides that as of the petition date the Debtor has over $79,000.00 in general unsecured liabilities.

7. For each creditor entry, the Debtor provides 2018 as the date the liability was incurred, the remaining creditor entries provide no date for when the liability was incurred. The Debtor's entry implies that the Debtor's other liabilities were incurred before 2018.

8. The Debtor's Schedule A/B provides that the Debtor held assets valued at $18,551.00 as of the petition date.

9. Defendant is the father of the Debtor, and was a general creditor of the Debtor.

10. Defendant received a payment of $4,700.00 from Debtor on account

of a debt owed to Defendant in or about March 2018 (the "Transfer") .

## Count I – Avoidance of Transfers Pursuant to 11 U.S.C. §547

Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

11. The Transfer was a transfer of an interest of the Debtor's in property to or for the benefit of the Defendant, a creditor.

12. The Transfer was for or on account of antecedent debt owed by the Debtor before the Transfer was made.

13. The Transfer was made while the Debtor was insolvent.

14. The effect of the Transfer was to enable the Defendant to receive more than he would have if the case were a case under Chapter 7 of Title 11, as there exists no other non-exempt property available for distribution.

15. The Defendant is an insider of Debtor as defined at 11 U.S.C. §101(31)(A)(i).

16. Pursuant to 11 U.S.C. §§547(b)(4)(A) or (B) (depending on whether the Transfer occurred within or just outside of the 90 days prior to the petition date) the Trustee may avoid the Transfer.

17. The Defendant must remit to the Trustee at least the sum of the Transfer, plus costs and interest pursuant to 11 U.S.C. §§547(b)(4)(A) or (B) and 11 U.S.C. §550.

WHEREFORE, Plaintiff requests that the Court enter judgment against the Defendant in the amount of the Transfer, plus interest and costs, and grant any further relief the Court deems proper.

## Count II – 11 U.S.C. § 502(d) Disallowance of Claims

Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

17. Defendant is the recipient of the Transfer which Plaintiff may avoid pursuant to 11 U.S.C. §547 and recover pursuant to 11 U.S.C. §550.

18. Pursuant to 11 U.S.C. § 502(d), the Court shall disallow any claim of any entity from which property is recoverable under 11 U.S.C. § 550.

19. Because Defendant has not paid or surrendered the Transfer to Plaintiff, any claims of Defendant must be disallowed.

WHEREFORE, Plaintiff requests that this Honorable Court enter a judgment in its favor and against Defendant disallowing all of Defendant's claims pursuant to 11 U.S.C. § 502(d) of the Bankruptcy code, unless and until Defendant returns the Transfer to Plaintiff, plus costs, interest, and attorneys' fees.

**CLAYSON, SCHNEIDER & MILLER, P.C.**

Dated: September 18, 2018    */s/ Kimberly Ross Clayson, attorney*
Kimberly Ross Clayson (P69804)
Clayson, Schneider & Miller, PC
645 Griswold, Suite 3900
Detroit, MI 48226
(313) 237-0850
kim@detlegal.com